FILED'05 JUL 18 07:09USDC-ORE

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

| | |
|---|---|
| STORMWATER MANAGEMENT, INC., | Civ. No. 04-1805-AA |
| Plaintiff, | OPINION AND ORDER |
| v. | |
| AQUASHIELD, INC., | |
| Defendant. | |

Peter E. Heuser
Elizabeth A. Tedesco
KOLISCH HARTWELL, P.C.
520 S.W. Yamhill Street, Suite 200
Portland, Oregon 97204
    Attorneys for plaintiff

Marc M. Carlton
Rodney L. Umberger
WILLIAMS KASTNER & GIBBS
600 Pioneer Tower
888 S.W. Fifth Avenue
Portland, Oregon 97204
    Attorneys for defendant

AIKEN, Judge:

Page 1 - OPINION AND ORDER

Plaintiff filed suit for patent infringement under 35 U.S.C. § 283, alleging infringement of U.S. Patent No. 5,322,629 (the '629 Patent). Defendant moves to dismiss the action for lack of personal jurisdiction, because it sustains no contacts with this forum sufficient to confer personal jurisdiction. Fed. R. Civ. P. 12(b)(2). The motion to dismiss is granted.

## BACKGROUND

Plaintiff is an Oregon corporation with its principal place of business in Portland, Oregon. Plaintiff designs and manufactures technology and services related to the stormwater treatment industry. Sometime prior to March 2, 1993, William C. Stewart conceived a method and apparatus for treating stormwater, which was reduced to practice and claimed in the '629 Patent. On June 21, 1994, the '629 Patent was issued to W & H Pacific, Inc., plaintiff's predecessor in interest. On January 1, 2000, plaintiff gained sole interest and ownership of the patent by assignment. The '629 Patent is directed to a method and apparatus for treating stormwater utilizing compost filtration media.

Defendant is a Tennessee corporation with its principal place of business in Hixon, Tennessee. Defendant is in the business of manufacturing, designing and selling stormwater treatment systems, primarily the Aqua-Swirl Concentrator, the Aqua-Filter Stormwater Filtration System, and the Aqua-Guard Catch Basin Insert. Defendant's filtration systems are designed principally for use with filter media such as sand, perlite, vermiculite, and zeolite

Page 2 - OPINION AND ORDER

to remove contaminants, fine sediments, water-borne hydrocarbons, heavy metals, and nutrients.

Plaintiff alleges that although defendant generally markets the Aqua-Filter Stormwater system with filtration medium, in late 2004, defendant offered in Maryland an Aqua-Filter product using leaf compost materials for filtration in violation of plaintiff's rights in the '629 Patent.

On December 10, 2004, plaintiff filed this suit.

## JURISDICTIONAL STANDARDS

Federal Circuit law applies to whether a district court has personal jurisdiction over a defendant in a patent suit. See Red Wing Shoe Co., Inc. v. Hockerson-Halberstadt, Inc., 148 F.3d 1355, 1358 (Fed. Cir. 1998); Akro Corp. v. Luker, 45 F.3d 1541, 1543 (Fed. Cir. 1995). Determining whether personal jurisdiction exists over an out-of-state defendant involves two inquiries: whether the forum state's long-arm statute permits the assertion of jurisdiction and whether assertion of personal jurisdiction violates federal due process. 3D Sys., Inc. v. Aarotech Labs., Inc., 160 F.3d 1373, 1376-77 (Fed. Cir. 1998); Red Wing, 148 F.3d at 1358. Oregon's catch-all jurisdictional rule confers personal jurisdiction coextensive with due process. Or. R. Civ. P. 4L. Thus, the analysis collapses into a single framework and the court proceeds under federal due process standards.

Due process requires that a defendant, if not present in the state, "have certain minimum contacts with it such that the

Page 3 - OPINION AND ORDER

maintenance of the suit does not offend traditional notions of fair play and substantial justice." International Shoe Co. v. Washington, 326 U.S. 310, 316 (1945) (citation and quotation marks omitted). Minimum contacts can be demonstrated through facts supporting either general or specific jurisdiction over the defendant. See Helicopteros Nacionales de Colombia, S.A. v. Hall, 466 U.S. 408, 414 & n.8 (1984). Plaintiff bears the burden of establishing personal jurisdiction through a prima facie showing of jurisdictional facts. Electronics For Imaging, Inc. v. Coyle, 340 F.3d 1344, 1349 (Fed. Cir. 2003), cert. denied, 540 U.S. 1111 (2004).

General jurisdiction refers to the authority of a court to hear any cause of action involving a defendant, regardless of whether the cause of action arose from the defendant's activities within the forum state. Helicopteros, 466 U.S. at 414; Silent Drive, Inc. v. Strong Indus., Inc., 326 F.3d 1194, 1200 (Fed. Cir. 2003). For the court to assert general jurisdiction, the defendant must have "continuous and systematic" contacts with the forum state. Helicopteros, 466 U.S. at 416; Red Wing, 148 F.3d at 1359.

Specific jurisdiction refers to a situation in which the cause of action arises directly from the defendant's contacts with the forum state. See, e.g., Burger King v. Rudzewicz, 471 U.S. 462, 473 & n.15 (1985); Silent Drive, 326 F.3d at 1200. The Federal Circuit employs a three-part test to determine whether the exercise

of specific jurisdiction comports with due process. HollyAnne Corp. v. TFT, Inc., 199 F.3d 1304, 1307-08 (Fed. Cir. 1999); Akro, 45 F.3d at 1545. First, the defendant must purposefully direct its activities at the forum, thereby invoking the benefits and protections of the forum and having "fair warning" that a particular activity may subject it to jurisdiction. See Burger King, 471 U.S. at 472, 475. Second, the claim must be one which arises out of or results from the defendant's forum-related activities. HollyAnne, 199 F.3d at 1307. Third, the court's exercise of jurisdiction must be reasonable. Id. at 1307-08; Akro, 45 F.3d at 1545-46.

Regardless of whether the situation involves general or specific jurisdiction, "contacts only add to the quantum for personal jurisdiction when purposefully directed at the forum or its residents. 'Random,' 'fortuitous,' or 'attenuated' contacts do not count in the minimum contacts calculus." Red Wing, 148 F.3d at 1359 (citing Burger King, 471 U.S. at 475).

## DISCUSSION

Plaintiff makes no argument in favor of specific jurisdiction, given that the alleged patent infringement does not arise out of defendant's forum-related activities. Plaintiff does not allege or present evidence that defendant has marketed or sold a filtration system utilizing compost media in Oregon. Rather, plaintiff argues that defendant offered an accused product in Maryland. Therefore, plaintiff must on rely on general jurisdiction. Silent Drive, 326

Page 5 - OPINION AND ORDER

F.3d at 1200.

For general jurisdiction to exist over an out-of-state defendant, the defendant must "engage in continuous and systematic general business contacts that approximate physical presence in the forum state." Schwarzenegger v. Fred Martin Motor Co., 374 F.3d 797, 801 (9th Cir. 2004) (internal citations and quotation marks omitted); North Am. Philips Corp. v. Am. Vending Sales, Inc., 35 F.3d 1576, 1578 (Fed. Cir. 1994) ("[P]laintiffs concede that the defendants lack the sort of substantial and continuing contacts that amount to physical presence in the forum and thus give rise to a general jurisdiction . . . ."). "This is an exacting standard, as it should be, because a finding of general jurisdiction permits a defendant to be haled into court in the forum state to answer for any of its activities anywhere in the world." Schwarzenegger, 374 F.3d at 801.

It is undisputed that defendant's principal place of business is in Tennessee, and defendant's manufacturing facilities are located in Tennessee, Alabama and Kentucky. Defendant has no physical presence within the state of Oregon, is not registered to conduct business in Oregon, and has no registered agents, employees or sales representatives located in Oregon. Rather, defendant contracts with a Washington state sales agent, Matzke Company,

---

[1] Although Federal Circuit law controls, regional authority remains persuasive. Cerveceria Centroamericana, S.A. v. Cerveceria India, Inc., 892 F.2d 1021, 1023 (Fed. Cir. 1989).

Inc., to represent defendant in Oregon and seven other states.

Despite the seeming lack of "continuous and systematic" contacts with Oregon, plaintiff argues that the following suffice to confer general jurisdiction over defendant: 1) defendant is represented in Oregon by a Matzke sales agent; 2) in 2001 and 2004, defendant sold two filtration products in Oregon totaling approximately $20,000; 3) in late 2002, defendant offered a filtration system to an Oregon customer, but the customer purchased the system from plaintiff; 4) defendant maintains an interactive Internet website which allows users to download standard product specifications, and five Oregon residents have registered with the website; 5) defendant's database includes contact information for seven Oregon residents; 6) in 2002, defendant's president and sales agent attended a conference in Portland, Oregon; 7) and defendant advertises its products through national industry-related publications.

I find that this evidence falls well short of the systematic, continuous, and substantial contacts that constitute sufficient "presence" to confer general jurisdiction. Although defendant is represented in Oregon by an independent sales agent based in Washington, the agent covers additional territories and spends a minority of his time in Oregon. Plaintiff fails to allege significant sales of defendant's products in Oregon resulting from the sales agent's efforts. Further, defendant's two sales of filtration systems in Oregon constitute a very small, almost

Page 7 - OPINION AND ORDER

minuscule, percentage of defendant's revenues. LSI Indus. Inc. v. Hubbell Lighting, Inc., 232 F.3d 1369, 1375 (Fed. Cir. 2000) (continuous and systematic contacts established where the defendant had "millions of dollars of sales of lighting products in Ohio" and "a broad distributorship network in Ohio").

Further, the fact that defendant's database contains information for a handful of Oregon residents does not support general jurisdiction, because no evidence suggests that defendant actually conducted business in Oregon or with Oregon residents as a result of those contacts. See id. Likewise, I do not find that advertising in a national industry journal and attendance at one Oregon conference suffice to establish systematic contacts with the forum. Helicopteros, 466 U.S. at 416 (no general jurisdiction where defendant did not have a license or place of business in Texas and contacts "consisted of sending its chief executive officer to Houston for a contract-negotiation session; accepting into its New York bank account checks drawn on a Houston bank; purchasing helicopters, equipment, and training services from Bell Helicopter for substantial sums; and sending personnel to . . . facilities in Fort Worth for training"); see also Doering ex rel. Barrett v. Copper Mountain, Inc., 259 F.3d 1202, 1210 (10th Cir. 2001); Bancroft & Masters, Inc. v. Augusta Nat'l Inc., 223 F.3d 1082, 1086 (9th Cir. 2000).

Finally, I agree with defendant that plaintiff overstates the interactive nature of defendant's website. Even as described by

Page 8 - OPINION AND ORDER

plaintiff, defendant's website identifies sales representatives for the various states and their contact information. The website also allows a person to transmit information to defendant and "register" with defendant's online "Personal Design Assistant," but no services or products may be purchased through the website. Further, plaintiff presents no evidence that defendant's website is directed to residents of Oregon, or that information transmitted by Oregon residents resulted in the sale of defendant's products in Oregon. See Bird v. Parsons, 289 F.3d 865, 874 (6th Cir. 2002) ("The ability of viewers to register domain names on the website does not alter our conclusion, because the website, in this respect, simply enables [the defendants] to do business with Ohio residents, a fact that does not permit general jurisdiction.").

In sum, I find that the contacts alleged by plaintiff are not "substantial and continuing" so as to "amount to a physical presence" in this forum. North Am. Philips, 35 F.3d at 1578. Thus, the assertion of general jurisdiction of defendant would not comport with due process.

## CONCLUSION

Plaintiff has not shown the existence of purposeful minimum contacts sufficient to subject defendant to personal jurisdiction in this forum. Accordingly, defendant's Amended Motion to Dismiss for Lack of Personal Jurisdiction (doc. 9) is GRANTED. This action is DISMISSED.

IT IS SO ORDERED.

Dated this 15 day of July, 2005.

                        /s/ Ann Aiken
                        Ann Aiken
                        United States District Judge